

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2004

# USA v. Stile

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2017

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Stile" (2004). *2004 Decisions.* Paper 805.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/805

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 03-2017
_____

UNITED STATES OF AMERICA

v.

AUGUST JOHN STILE, JR.

AUGUST STILE,
Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00102)
District Judge: Honorable Richard P. Conaboy

_____

Submitted Under Third Circuit LAR 34.1(a)
on February 10, 2004

Before: SCIRICA,Chief Judge, ROTH and McKEE, Circuit Judges

(Filed:     April 20, 2004      )

_____

OPINION

_____

ROTH, Circuit Judge:

This appeal follows a jury trial at which the appellant, August John Stile, Jr., was convicted on two counts of wire fraud in violation of 18 U.S.C. § 1343; one count of mail fraud in violation of 18 U.S.C. § 1341; one count of bank fraud in violation of 18 U.S.C. § 1344; and three counts of engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957. Following his conviction, Stile was sentenced to forty-six months in prison followed by a five-year term of supervised release. Stile contends on appeal that (1) the District Court erred in charging the jury as to the proper manner to create a valid power of attorney and (2) the United States was improperly permitted to introduce evidence of Stile's bad character.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review for plain error jury instructions to which no objection was preserved at trial, *see United States v. Antico*, 275 F.3d 245, 265 (3d Cir. 2001), and will uphold the admission of evidence to which objection was waived so long as the waiver was "an intentional relinquishment of a known right." *United States ex rel. O'Connor v. State of New Jersey,* 405 F.2d 632, 634 n.2 (3d Cir. 1969) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938)). *See United States v. Olano*, 507 U.S. 725, 733 (1993).

Following his indictment, on May 29, 2002, Stile filed a motion in limine seeking to exclude certain testimony he characterized as other bad acts evidence, alleging that it was being offered solely to establish his bad character. This evidence tended to show that Stile had engaged in a pattern of writing bad checks and had used for himself money

2

provided to him for investments. After a brief in opposition was filed by the government, the court held a telephone conference on the motion. On July 19, 2002, after additional discussions between the parties, Stile withdrew the motion in limine.

Thereafter, at trial, the District Court charged the jury on the proper way to execute a valid power of attorney, as was stipulated by the parties. The court noted the parties' stipulation to the jury stating, "they agreed on the law about powers of attorney as I read to you, that that is the only way that a legitimate power of attorney can be executed under the laws of Pennsylvania." After stating to the jury that there was no charge of violating the law with respect to the power of attorney, the court outlined the charges in the indictment, the elements of those offenses, and instructed the jury on Stile's good faith defense.

Stile argues that the District Court's jury instruction on the proper manner to create a valid power of attorney was error and that it had the effect of precluding the jury from considering his good faith defense. Specifically, Stile takes issue with the court's characterization that creating a power of attorney in a manner other then that indicated by the law in Pennsylvania would be "inappropriate and improper" and to execute a power of attorney in another way would be "wrong and unlawful."

Stile did not object to the instruction and, thus, waived the issue absent plain error. *Antico*, 275 F.3d at 265. The record shows that it was made clear to the jury that Stile was not on trial for creating an invalid power of attorney, as is specifically indicated in

3

the jury charge. Furthermore, the court advised the jury as to the elements of each of the crimes charged, instructed the jury on Stile's good faith defense, and told the jury that, in order to prove the charges in the indictment, the government was required to prove beyond a reasonable doubt that Stile was not acting in good faith. Because no objection was made to the jury charge and a review of the entire charge shows no plain error in the court's jury instruction, we hold that the District Court did not commit error in instructing the jury.

Stile also alleges plain error at trial due to the governments introduction of other bad acts evidence. However, by withdrawing his motion in limine and failing to object at trial, Stile has waived this issue as it constitutes "an intentional relinquishment of a known right." *Olano*, 507 U.S. at 733.

For the foregoing reasons, we will affirm the judgment of the District Court.

4